UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TIMOTHY ROLLIN,     Plaintiff,

v.     Civil Action No. 3:20-cv-P4-DJH

OFFICE OF COMMISIONER/
DEPT. OF CORRECTIONS *et al.*,     Defendants.

\* \* \* \* \*

### **MEMORANDUM OPINION AND ORDER**

Plaintiff Timothy Rollin filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. The complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss some of Plaintiff's claims and allow others to proceed.

### I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff, identifying himself as a pretrial detainee at the Hardin County Detention Center, sues the following Defendants: "Office of Commissioner/Department of Corrections," whom he identifies as James Erwin, in his official capacity only; the Kentucky Justice and Public Safety Cabinet; and the Kentucky State Police.

Plaintiff states that in July 2004 he was sentenced in Logan Circuit Court to a three-year sentence and told to register as a sex offender for ten years. He states, "Then, just as I'm ready to be terminated from the registry I'm told I have to register for 20 yrs!" He continues, "My maximum expiration date on the registry was October 29, 2019, but I received a letter from the Ky. State Police, dated November 26, 2019 telling me I now have to register until August 21, 2037!" Plaintiff reports that he was told by the Kentucky State Police that he pleaded guilty to

distribution of obscene matter in Larue Circuit Court in 2015. He states, "That is a Class B misdemeanor and doesn't require a 20 yr registry. Also, I was never sentenced by the Larue Circuit Court to a 20 yr. registry. My registry also says there are 2 victims, 7 and 11 yrs old. This is false."

Plaintiff asserts, "The Ky. Justice and Public Cabinet erroneously placed me on a 20 yr registry in 2014. I was sentenced by Logan Circuit Court to a 10 yr registry, in 2004. I have been on the Ky. sex offender registry for over 15 yrs now. This is a violation of my constitutional rights." He maintains that he will now have to be on the sex offender registry for a total of 33 years and that he has already been on the registry almost 16 years. He states, "This is a defamation of character. I've been terminated from several jobs in the past 5 yrs because of this registry. I've fulfilled my obligation for case no. 04-CR-047. I paid my debt to society and I'm still being punished." He asserts that he has been on the sex offender registry illegally for the past five and a half years.

Plaintiff further states that "I plead guilty to KRS 531.020 one unit. That crime doesn't involve a minor and doesn't require me to register as a sex offender, according to KRS 17.500(9)." He states that he has written several letters to the Kentucky State Police Sex Offender Registration Division and to the Justice and Public Safety Cabinet about the issue with no response. He asserts that the only response he received was the November 26, 2019, letter from the Kentucky State Police telling him that he had to register until 2037. He states that this violates the Eighth Amendment. He further maintains, "I was incarcerated and convicted for failure to comply w/ sex offender registry in 2015 when in fact my registry should have ended in 2014."

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of termination from the sex offender registry.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

The Eleventh Amendment to the United States Constitution specifically prohibits federal courts from exercising subject-matter jurisdiction over a suit for money damages brought directly against the state, its agencies, and state officials sued in their official capacities. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 143-45 (1993); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Further, a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth.*, 506 U.S. at 146; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). The Justice and Public Safety Cabinet is a state agency. *See* Ky. Rev. Stat. § 12.250(1). The Kentucky State Police is a department within the executive branch of the Commonwealth, is tasked with statewide law enforcement, and is funded by the Kentucky General Assembly. *See* Ky. Rev. Stat. §§ 15A.020, 16.060, 16.050(1). Therefore, the Eleventh Amendment acts as a bar to all claims for relief against the Justice and Public Safety Cabinet and the Kentucky State Police, and the § 1983 claims must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief.

Plaintiff also brings an official-capacity claim against the "Office of Commissioner/ Department of Corrections," which the Court construes as the Commissioner of the Kentucky

4

Department of Corrections (KDOC).[1] State officials and employees sued in their official capacity for damages are absolutely immune from § 1983 liability under the Eleventh Amendment. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Kentucky v. Graham*, 473 U.S. at 169 ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Moreover, the KDOC Commissioner is not a "person" subject to suit within the meaning of § 1983 when sued in his official capacity for monetary damages. *Will v. Mich. Dep't of State Police*, 491 U.S. at 71 (concluding that neither a state nor its officials acting in their official capacities are "persons" under § 1983); *Burrell v. Sumner*, No. 97-3705, 1998 U.S. App. LEXIS 28052, at *3 (6th Cir. Oct. 29, 1998) (holding that state employees sued in their official capacity are not persons who may be sued for damages under § 1983). As a result, the official-capacity claim against the Commissioner of KDOC for monetary damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief.

Upon review, the Court will allow Plaintiff's § 1983 official-capacity claim against the Commissioner of KDOC for injunctive relief to proceed for further development.

To the extent Plaintiff also attempts to bring state-law claims, including defamation of character, the state-law claims against the Justice and Public Safety Cabinet and the Kentucky State Police are barred by sovereign immunity. *See Gaither v. Justice & Pub. Safety Cabinet*, 447 S.W.3d 628, 633 (Ky. 2014), *as corrected* (Sept. 15, 2014) ("The Commonwealth of Kentucky and its agencies, including the Kentucky State Police, are insulated against liability claims by sovereign immunity[.]"); *Yanero v. Davis*, 65 S.W.3d 510, 517 (Ky. 2001) ("It is an

---

[1] Plaintiff identifies the Commissioner as James Erwin. The Court takes judicial notice that James Erwin is no longer the KDOC Commissioner.

inherent attribute of a sovereign state that precludes the maintaining of any suit against the state unless the state has given its consent or otherwise waived its immunity.") (citations omitted). "The absolute immunity from suit afforded to the state also extends to public officials sued in their representative (official) capacities, when the state is the real party against which relief in such cases is sought." *Yanero*, 65 S.W.3d at 518 (citing *Alden v. Maine*, 527 U.S. 706, 756 (1999); 72 Am. Jur. 2d, *States, Territories and Dependencies*, § 104 (1974)). Therefore, the state-law claims will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief.

### IV.  CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's federal claims against the Justice and Public Safety Cabinet and the Kentucky State Police for all relief and his official-capacity claim against Office of Commissioner/Dept. of Corrections for monetary damages are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiff's state-law claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief.

The **Clerk of Court is DIRECTED to terminate** the Justice and Public Safety Cabinet and the Kentucky State Police as parties to the action.

The Court has allowed Plaintiff's § 1983 official-capacity claim against the Commissioner of KDOC for injunctive relief to proceed for further development. The Court will enter a separate Service and Scheduling Order to govern that claim.

Date:

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4415.010