UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TIMOTHY ROLLIN,                                                                              Plaintiff,

v.                                                                    Civil Action No. 3:20-cv-04-DJH

OFFICE OF COMMISSIONER/DEPT. OF
CORRECTIONS, et al.,                                                                       Defendant.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon opposing motions for summary judgment filed by *pro se* Plaintiff Timothy Rollin, who is currently incarcerated, and Defendant Office of Commissioner of the Kentucky Department of Corrections (KDOC). (Docket No. 17; D.N. 21)  The defendant also seeks leave to file an exhibit to its motion for summary judgment under seal. (D.N. 22)  For the following reasons, both parties' motions for summary judgment will be denied without prejudice with leave to refile, and the defendant's motion to seal will be granted.

**I.**

*Pro se* Plaintiff Timothy Rollin initiated this 42 U.S.C. § 1983 prisoner civil rights action by filing a complaint signed under penalty of perjury.[1]  (D.N. 1)  The Court conducted an initial screening of Rollin's complaint pursuant to 28 U.S.C. § 1915A and dismissed his claims against the Kentucky Justice and Public Safety Cabinet and the Kentucky State Police as well as his official-capacity claim against the Commissioner of KDOC for monetary damages.  (D.N. 7).  But

---

[1] At the time Rollin filed his complaint, he identified himself as a pretrial detainee at Hardin County Detention Center. (D.N. 1, PageID # 1)  The record reflects that Rollin was transferred to Northpoint Training Center in Burgin, Kentucky in May 2021 (D.N. 28), where he is still located as of September 20, 2021 (*see* D.N. 36).

1

Rollin's § 1983 official-capacity claim against the KDOC Commissioner for injunctive relief was allowed to proceed. (*Id.*)

### A.

In his complaint, Rollin stated that in July 2004 he was sentenced in Logan Circuit Court to a three-year sentence and told to register as a sex offender for ten years. (D.N. 1, PageID # 4) "[J]ust as [he was] ready to be terminated from the registry," however, Rollin was "told" that he would have to register as a sex offender for an additional twenty years. (*Id.*) Rollin had thought that his "maximum expiration date on the registry was October 29, 2019," but a November 2019 letter from the Kentucky State Police informed him that, because he had pleaded guilty to "distribution of obscene matter" in Larue Circuit Court in 2015, he would "have to register until August 21, 2037!" (*Id.*) According to Rollin, this 2015 conviction was for a "Class B misdemeanor and doesn't require a 20 y[ea]r registry." (*Id.*) Rollin claimed instead that because his 2015 conviction was for a "crime [that] doesn't involve a minor," he was not "require[d] . . . to register as a sex offender" at all. (*Id.*, PageID # 5) Rollin further asserted that he "was never sentenced by the Larue Circuit Court to a 20 y[ea]r registry"; that information on "[his] registry" stating that "there [we]re 2 victims" of his crimes, one seven-year-old and one eleven-year-old, was "false"; and that the Kentucky Justice and Public Safety Cabinet "erroneously placed [him] on a 20 y[ea]r registry in 2014." (*Id.*, PageID # 4)

In short, Rollin claimed that he was sentenced in 2004 to register as a sex offender for ten years but had "been on the K[entuck]y sex offender registry for over 15 y[ea]rs now" in "violation of [his] constitutional rights." (*Id.*) Rollin insisted that he was "on the K[entucky] sex offender registry illegally and ha[d] been for the past 5 1/2 y[ea]rs now," which amounted to "defamation of character" and caused him to be "terminated from several jobs in the past 5 y[ea]rs because of

th[e] registry," (*Id.*, PageID # 5)  He also asserted that he was "incarcerated and convicted for failure to comply [with the] sex offender registry in 2015 when in fact [his] registry should have ended in 2014." (*Id.*)  He thus claimed that the Commissioner of KDOC was "clearly violating [his] civil rights" and demanded damages and injunctive relief in the form of "termination from [the] sex offender registry." (*Id.*, PageID # 5–6)

Following discovery, Rollin filed a motion for summary judgment unaccompanied by any exhibits.  (D.N. 17)  In his motion, Rollin claimed that "[t]he defendant(s) do not dispute and cannot dispute any material fact that [he] ha[d] raised in [his] complaint." (*Id.*, PageID # 58)  He further declares, without any citations to the record or supporting evidence, that "[e]very document" he received from Defendant Commissioner of KDOC "supports and corroborates [his] claim in full" and that "[t]here is absolutely *nothing* in the discovery that can dispute [his] claim." (*Id.* (emphasis in original))

Rollin offers at least three reasons why he "should not legally be forced to register" as a sex offender "until August 2037" and "should be terminated from the sex offender registry immediately."[2]  (*Id.*, PageID # 59)  First, Rollin notes that under Kentucky law a "court shall designate the registration period . . . mandated" by the statutory scheme governing Kentucky's sex offender registry and "shall cause a copy of its judgment to be mailed to the . . . Dep[artment] of Kentucky State Police. (*Id.*, PageID # 58 (quoting Ky. Rev. Stat. Ann. § 17.520(6) (West 2021))).  He concedes that in 2004 the Logan Circuit Court "did in fact designate [his] registration period to (10) ten years." (*Id.*)  But because a court "never" subsequently "re-entered a different judgment

---

[2] The Court interprets these arguments as ones offered by Rollin in support of his ultimate argument that summary judgment should be granted in his favor. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").

3

saying [he] must register for (20) twenty years," Rollin argues that the "Dep[artment] of Corrections illegally and unconstitutionally placed [him] on a (20) twenty year registry." (*Id.*, PageID # 58–59) Second, he admits to pleading guilty in June 2015 to "distribution of obscene matter, one unit" in violation of Ky. Rev. Stat. Ann. § 531.020 but argues that this conviction "doesn't require a (20) twenty year registry" because "[i]t is a Class B misdemeanor" with a maximum penalty of "90 days in jail" and "doesn't involve a minor." (*Id.*, PageID # 59) Third, Rollin appears to argue that summary judgment in his favor is warranted because "[t]he record will show that [he] was erroneously placed on a (20) twenty year [registry] in 2014 way before [he] was charged or even convicted" of distributing obscene matter in 2015 and adds that "[t]he record will reflect [his] maximum expiration date on the sex offender registry was October 29, 2019." (*Id.*)

**B.**

Defendant Commissioner of KDOC did not file a response to Rollin's motion for summary judgment and instead filed its own motion for summary judgment. (D.N. 21) In its motion, the Commissioner does not dispute that Rollin was "required to register on Kentucky's Sex Offender Registry for a period of 10 years" as a result of his 2004 conviction in Logan Circuit Court. (*Id.*, PageID # 71) The defendant also does not dispute that Rollin was convicted in 2015 of "Distribution of Obscene Matter, a violation of KRS 531.020" in Larue Circuit Court. (*Id.*, PageID # 72) But based on details from a "Presentence/Postsentence Investigation Report"[3] prepared as part of that case, the defendant asserts that Rollin's 2015 offense involved him "sen[ding] obscene messages and obscene photographs of his genitalia to an 11 year old female via Facebook and text

---

[3] This "Presentence/Postsentence Investigation Report" is the document that Defendant Commissioner of KDOC wishes to file under seal. (D.N. 22; D.N. 23) Given the confidential nature of the contents of this document, the Court will grant the defendant's motion to seal.

4

message" and "also attempt[ing] to solicit the juvenile female to meet him and engage in sexual acts with him." (*Id.*) Given this conduct, the defendant claims that Rollin's 2015 conviction "meets the definition of a criminal offense against a victim who is a minor under KRS 17.500." (*Id.*) And according to the defendant, this in turn means that "when the Plaintiff was released from custody in February 2017, he was required to register on Kentucky's Sex Offender Registry for a period of 20 years." (*Id.* (citing Ky. Rev. Stat. Ann. § 17.520(3))) The defendant argues, in short, that Rollin's current registration on Kentucky's sex offender registry is proper because he "committed an offense for which the law mandates a 20 year registration period." (*Id.*, PageID #75)

      The defendant also claims that Rollin was "presented with registration forms prior to his release from custody" in February 2017 "indicating that he was required to register" as a sex offender "for a period of 20 years" but acknowledges that "incorrect conviction information was listed on that form," which "understandably[] lead [sic] the Plaintiff to disagree with the 20 year registry requirement." (*Id.*, PageID # 72; D.N. 21-4) Even so, the defendant asserts, "any mistakes were corrected in 2019 when the Plaintiff signed another sex offender registry form which correctly listed all of [his] eligible convictions and stated the Plaintiff was required to register for 20 years." (D.N. 21, PageID # 72) As for Rollin's claim that he cannot be required to register as a sex offender for twenty years because the Larue Circuit Court did not "designate" such a registration period in its 2015 judgment, the defendant argues that Rollin nonetheless "was clearly notified by prison officials and probation and parole officers of his duty to register, and he complied on multiple occasions by signing forms acknowledging that he understood the requirements that apply to sex offenders." (*Id.*, PageID # 76) "Therefore," the defendant maintains, "the purpose behind" the statutory requirement that a "court shall designate the

5

registration period . . . in its judgment," which is merely intended to "place the offender on notice of his duty to register," had "been met" in Rollin's case. (*Id.* (quoting Ky. Rev. Stat. Ann. § 17.520(6)))

Rollin's response to the defendant's motion for summary judgment makes several assertions in opposition to the Commissioner's motion and exhibits while once again failing to substantiate such assertions with citations to the record. (D.N. 26) He first contends that "[t]he record will show" that he was "erroneously and illegally put on a 20 y[ea]r registry in July *2014*," which was "well before" his 2015 conviction for distribution of obscene matter. (*Id.*, PageID # 110 (emphasis in original)) Thus, Rollin insists, the defendant's claim that he "was placed on a 20 y[ea]r registry" because of his 2015 conviction "is false." (*Id.*) Rollin next argues that the defendant's claim that his 2015 conviction was for conduct involving a minor "is simply not true." (*Id.*) Rollin asserts to the contrary that "[t]he record will show it was proven in court that [he] was involved with a *30* y[ea]r old married woman" rather than a minor, hence why he was charged with distribution of obscene matter rather than the separate offense of "distribution of obscene matter to *minors*." (*Id.* (emphasis in original)) Finally, in response to the defendant's claim that any mistakes on Rollin's sex offender registry forms were resolved when Rollin signed an accurate registry form in 2019, Rollin contends that the 2019 form he signed indicated that his "maximum date on the registry" was October 29, 2019, which Rollin understood to be the date on which he should have been removed from the registry. (*Id.*, PageID # 111)

The Commissioner's reply to Rollin's response (D.N. 31) notes that Rollin had "failed to put forth any evidence" that he was erroneously placed on the sex offender registry as he claims. (*Id.*, PageID # 123) And the defendant maintains that even if Rollin could present such evidence, his claim would still "be moot because the Plaintiff was subsequently correctly placed on the

6

registry for 20 years" following his 2015 conviction for distribution of obscene matter. (*Id.*, PageID # 124) As for Rollin's assertion that his 2015 conviction involved a thirty-year-old victim rather than a minor, the defendant notes that "once again the Plaintiff failed to put forth any evidence to support his claim" and argues that Rollin's "[u]nsubstantiated, self-serving statements that are not supported by any documentation or other testimony cannot defeat summary judgment." (*Id.*) Citing to the indictment from Rollin's 2015 Larue Circuit Court case, the defendant also claims that "the fact that the Plaintiff was indicted for Prohibited Use of Electronic Means to Procure a Minor is further evidence that the victim in that case was a minor." (*Id.*; *see* D.N. 31-1). The defendant then explains that Rollin's belief that he would be removed from the sex offender registry on October 29, 2019 is based on a misunderstanding of that date's meaning on the 2019 registry form that Rollin signed; that date, according to the defendant, was not "an indicator of when the offender will be removed from the registry" but rather is "an indicator of when the offender's time on the registry may begin." (*Id.*, PageID # 125)

Finally, in reply, Rollin reiterates his claims that he was erroneously placed on the twenty-year registry in July 2014 and that his 2015 conviction in Larue Circuit Court did not require him to register as a sex offender for twenty years.[4] (D.N. 32, PageID # 134) Both parties' motions for summary judgment are now before the Court for consideration.

## II.

Before the Court may grant a motion for summary judgment, it must find that there is "no genuine dispute as to any material fact" and that the moving party is "entitled to judgment as a

---

[4] In his response to the defendant's reply (D.N. 32), Rollin states that "I've sent copies of my judgment from Larue Co. Case # 15-cr-004" and that "[n]owhere in the judgment does it say I have to register for 20 y[ea]rs." (*Id.*, PageID # 134) The judgment that Rollin refers to is not attached to his response, however, nor does it appear elsewhere in the record before the Court.

7

matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

Assuming the moving party satisfies its burden of production, the nonmovant "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Celotex*, 477 U.S. at 324). The non-moving party's evidence is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the party opposing summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The fact that a plaintiff is *pro se* does not lessen his or her obligations under Rule 56. "The liberal treatment of pro se pleadings does not require the lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citations omitted). The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a pro se litigant does not alter" its burden of showing a genuine issue for trial. *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010). Yet statements in a verified complaint that are based on personal knowledge may function as the equivalent of affidavit statements for purposes

8

of summary judgment. *Weberg v. Franks*, 229 F.3d 514, 526 n.13 (6th Cir. 2000); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992).

Prisoner *pro se* litigants, moreover, "are given limited special aid and consideration" at the summary judgment stage. *Bass v. Wendy's of Downtown, Inc.*, 526 F. App'x 599, 601 (6th Cir. 2013). Indeed, the Sixth Circuit has endorsed an approach adopted by a majority of courts of appeal that a prisoner *pro se* litigant is "entitled to notice of the consequences of a summary judgment motion and the requirements of the summary judgment rule." *United States v. Ninety-Three Firearms*, 330 F.3d 414, 427 (6th Cir. 2003); *see also Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982) (adopting a "general rule" that a prisoner *pro se* plaintiff is "entitled to receive notice of the consequences of failing to respond with affidavits to a motion for summary judgment"). The Federal Rules of Civil Procedure likewise recognize that "[m]any courts take extra care with pro se litigants" by "advising them of . . . the risk of losing by summary judgment if an adequate response is not filed." Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment. Accordingly, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," Rule 56 expressly allows a court to "give an opportunity to properly support or address the fact" or "issue any other appropriate order." Fed. R. Civ. P. 56(e)(1), (4).

### III.

Having reviewed the record and the motions, responses, and replies from both parties, the Court observes that this case can be reduced to one central dispute. On the one hand, Defendant Commissioner of KDOC argues that Plaintiff Rollin's 2015 conviction for distribution of obscene matter qualified as a "criminal offense against a victim who is a minor," as that term is defined in the statutory scheme governing Kentucky's sex offender registry, which in turn means that Rollin

is statutorily required to register as a sex offender for twenty years. (D.N. 21, PageID # 72, 75) Rollin, on the other hand, insists that his 2015 offense involved an adult woman rather than a minor; that his conviction thus did not trigger Kentucky's mandatory sex offender registration requirement; and that his current placement on the sex offender registry is therefore "illegal[] and unconstitutional[]." (D.N. 17, PageID # 58–59; D.N. 26, PageID # 110)

Kentucky law provides that "any person who has been convicted in a court of any state or territory . . . of a sex crime or criminal offense against a victim *who is a minor*" is required to register as a sex offender for at least "twenty (20) years following discharge from confinement."[5] Ky. Rev. Stat. Ann. §§ 17.510(6)(a); 17.520(3) (emphasis added). A "criminal offense against a victim who is a minor" is defined in turn as "any of" several enumerated offenses "if the victim is under the age of eighteen (18) at the time of the commission of the offense." *Id.* § 17.500(3)(a). Included among those enumerated offenses is the following: "Any offense involving a minor or depictions of a minor, as set forth in KRS Chapter 531." *Id.* § 17.500(3)(a)(11).

The Commissioner asserts that Rollin's 2015 conviction amounted to a "criminal offense against a victim who is a minor" because he "committed an offense in KRS Chapter 531"—namely, distribution of obscene matter in violation of Ky. Rev. Stat. Ann. § 531.020—and "his offense," as a factual matter, "involved a minor." (D.N. 21, PageID # 75) The former contention is uncontested. Yet the defendant supports the latter contention with statements from a June 2015

---

[5] Rollin concedes in his motion for summary judgment that he was required to register as a sex offender for ten years as a result of his 2005 conviction in Logan Circuit Court. (D.N. 17, PageID # 58) And the defendant acknowledges in its motion for summary judgment that when Rollin was released from custody in December 2008 following that conviction, Kentucky law at the time mandated a ten-year registration period. (D.N. 21, PageID # 71) The minimum registration period has since been increased to twenty years, and Rollin would be required to register as a sex offender for that period of time if his 2015 conviction triggers the statutory registration requirement. *See* Ky. Rev. Stat. Ann. § 17.520(3).

10

"Presentence/Postsentence Investigation Report" that was prepared following Rollin's 2015 guilty plea in Larue Circuit Court. (*See* D.N. 21, PageID # 72; D.N. 23) That report states that Rollin was "arrested" in November 2014 "after it was determined he sent obscene messages and obscene photographs of his genitalia to an 11 year old female juvenile via [F]acebook and text message." (*Id.*, PageID # 94) The report also states that Rollin "attempted to solicit the juvenile female to meet him and engage in sexual acts with him." (*Id.*) Additionally, the defendant points to the fact that Rollin was "indicted for Prohibited Use of Electronic Means to Procure a Minor" as "further evidence that the victim" in Rollin's 2015 case "was a minor." (D.N. 31, PageID # 124; D.N. 31-1) Rollin, however, insists that his crime of conviction, distribution of obscene matter, does not require the involvement of a minor at all. (D.N. 26, PageID # 110 (citing Ky. Rev. Stat. Ann. § 531.020) And in any event, he further contends that "[t]he record will show it was proven in court" that his 2015 conviction involved conduct with a thirty-year-old woman rather than a minor. (*Id.*)

Assuming without deciding that the defendant is correct in arguing that whether Rollin committed a "criminal offense against a person who is a minor," Ky. Rev. Stat. Ann. § 17.500(3)(a), depends on the specific facts underlying his 2015 conviction rather than the elements of his crime of conviction, the question of whether summary judgment is warranted for either party thus hinges largely on a single disputed fact: If Rollin distributed obscene matter to an eleven-year-old girl like the defendant claims, the "criminal offense against a person who is a minor" standard would appear to be met, but if Rollin instead targeted an adult woman as he claims, then his 2015 conviction cannot qualify as such a crime. The problem at this stage is that neither party has "properly support[ed]" their respective "assertion[s]" regarding this central, contested fact to the extent required by Federal Rule of Civil Procedure 56. Fed. R. Civ. P. 56(e); *see also* Fed. R. Civ. P. 56(a) (providing that a party moving for summary judgment must "show[] that there is no

11

genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law"); *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991) (noting that a court "is required, at a minimum, to examine [a] movant's motion for summary judgment to ensure that he has discharged" his burden under Rule 56). Accordingly, the Court will deny both parties' motions for summary judgment without prejudice, with leave to refile once the parties are able to provide adequate citations to materials in the record that more reliably support their respective assertions regarding the factual basis for Rollin's 2015 conviction. *See* Fed. R. Civ. P. 56(e)(1) (providing that when a "party fails to properly support an assertion of fact . . . the court may . . . give an opportunity to properly support or address the fact"); Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment (noting that the orders authorized by Fed. R. Civ. P. 56(e) "should be designed to encourage proper presentation of the record").

First, with respect to Rollin's motion for summary judgment and his various responses, it is apparent that he completely ignores the command that "a party asserting that a fact cannot be . . . genuinely disputed" at the summary judgment phase must "support" such assertions with citations "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Not a single exhibit was attached to any of Rollin's summary judgment filings. Nor did he support any of his factual assertions with citations to the exhibits filed by the defendant. And while Rollin alludes in several places to what the "record will show" (*see, e.g.*, D.N. 17, PageID # 59), he was nonetheless "obligated at the summary judgment phase to 'identify specific facts that can be established by admissible evidence'" in the record before the Court. *Viergutz*, 375 F. App'x at 485 (quoting *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006)). The Court recognizes that Rollin, as an incarcerated *pro se*

12

plaintiff, may not have understood the "consequences of a summary judgment motion and the requirements of the summary judgment rule." *Ninety-Three Firearms*, 300 F.3d at 427. But whatever "special aid and consideration" he is owed, *Bass*, 526 F. App'x at 601, will be satisfied by the Court giving him an opportunity to refile his motion for summary judgment. And this time, he will be expected to "properly support" his "assertion[s] of fact"—including his claim that his 2015 conviction did not involve a minor—with citations to the current record and other probative materials like the judgment or guilty plea documents from his 2015 conviction. Fed. R. Civ. P. 56(c), (e).

Second, the Commissioner has also failed to carry its burden "of demonstrating the absence of a genuine issue as to a material fact," a burden that a party moving for summary judgment bears regardless of the adequacy of the opposing party's summary judgment filings. *Carver*, 946 F.2d at 454–55. The defendant's assertion that there is "no genuine issue of material fact" as to whether Rollin "committed a criminal offense against a victim who is a minor" (D.N. 21, PageID # 75) falls short on multiple fronts. To start, the defendant relies on statements pulled from a "Presentence/Postsentence Investigation Report" to support its claim that Rollin's 2015 conviction for distribution of obscene matter involved a minor. (*Id.*, PageID # 72) But such presentence reports "[are] not evidence in the classic, conclusive sense." *United States v. Farrad*, 895 F.3d 859 (6th Cir. 2018) (internal quotation marks omitted). And the specific report the defendant cites merely states that Rollin was "*arrested* after it was determined he sent obscene messages and obscene photographs" (D.N. 23, PageID # 94 (emphasis added)), which says little about whether Rollin was "*convicted* . . . of a . . . criminal offense against a person who is a minor," Ky. Rev. Stat. Ann. § 17.510(6)(a) (emphasis added). The defendant's citation to Rollin's 2015 indictment (D.N. 31, PageID # 124) fares no better for the simple reason that "indictments do not constitute

13

proof of the commission of an offense." *Groupwell Int'l (HK) Ltd v. Gourmet Express, LLC*, No. 4:09-cv-94-M, 2014 WL 2618601, at *6 (W.D. Ky. June 12, 2014). Finally, the defendant fails to explain why Rollin was convicted of distribution of obscene matter, Ky. Rev. Stat. Ann. § 531.020, rather than distribution of obscene matter to a minor, a separate offense that requires proving that a defendant "knowingly" sent, exhibited, or distributed "obscene material to a minor," *id.* § 531.030. The defendant, in sum, has not "show[n] that there is no genuine dispute" as to whether Rollin's 2015 conviction involved a victim who was a minor, a fact that is essential to its argument that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court will therefore deny also the defendant's motion for summary judgment without prejudice, with leave to refile once the defendant obtains firmer evidentiary support for its assertions concerning the factual basis for Rollin's 2015 conviction. *See* Fed. R. Civ. P. 56(e)(1).

### IV.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) The plaintiff's motion for summary judgment (D.N. 17) is **DENIED without prejudice** pursuant to Federal Rule of Civil Procedure 56(e)(1), with leave to refile within **forty-five (45) days** of entry of this Order.

(2) The defendant's motion for summary judgment (D.N. 21) is **DENIED without prejudice** pursuant to Federal Rule of Civil Procedure 56(e)(1), with leave to refile within **forty-five (45) days** of entry of this Order.

(3)  The defendant's motion for leave to file Exhibit C to its motion for summary judgment under seal (D.N. 22) is **GRANTED**.  The Clerk of Court shall seal Exhibit C to the Commissioner's motion for summary judgment (D.N. 23).

September 30, 2021

David J. Hale, Judge
United States District Court

15