UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TIMOTHY ROLLIN, Plaintiff,

v. Civil Action No. 3:20-cv-4-DJH

OFFICE OF COMMISSIONER/DEPT. OF
CORRECTIONS *et al.*, Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on opposing motions for summary judgment filed by *pro se* Plaintiff Timothy Rollin (Docket No. 38) and Defendant Office of the Commissioner of the Kentucky Department of Corrections (KDOC) (hereinafter "the Commissioner") (DN 39). For the following reasons, the Commissioner's motion for summary judgment will be granted, and Rollin's motion will be denied.

**I**.

Rollin, an inmate at the Northpoint Training Center, initiated this 42 U.S.C. § 1983 prisoner civil rights action by filing a complaint signed under penalty of perjury (DN 1). The Court conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915A and dismissed Plaintiff's claims against the Kentucky Justice and Public Safety Cabinet and the Kentucky State Police, as well as his official-capacity claim against the Commissioner for monetary damages (DN 7). The Court allowed Rollin's § 1983 official-capacity claim against the Commissioner for injunctive relief to proceed for further development. (*Id*.)

**A.**

In his complaint, Rollin stated that in July 2004 he was sentenced in Logan Circuit Court to a three-year sentence and told to register as a sex offender for ten years. (DN 1, PageID.4).

"[J]ust as [he was] ready to be terminated from the registry," however, Rollin was "told" that he would have to register as a sex offender for an additional twenty years. (*Id.*) Rollin had thought that his "maximum expiration date on the registry was October 29, 2019," but a November 2019 letter from the Kentucky State Police informed him that, because he had pleaded guilty to "distribution of obscene matter" in Larue Circuit Court in 2015, he would "have to register until August 21, 2037!" (*Id.*) According to Rollin, this 2015 conviction was for a "Class B misdemeanor and doesn't require a 20 y[ea]r registry." (*Id.*) Rollin claimed instead that because his 2015 conviction was for a "crime [that] doesn't involve a minor," he was not "require[d] . . . to register as a sex offender" at all. (*Id.*, PageID.5). Rollin further asserted that he "was never sentenced by the Larue Circuit Court to a 20 y[ea]r registry"; that information on "[his] registry" stating that "there [we]re 2 victims" of his crimes, one seven-year-old and one eleven-year-old, was "false"; and that the Kentucky Justice and Public Safety Cabinet "erroneously placed [him] on a 20 y[ea]r registry in 2014." (*Id.*, PageID.4).

In short, Rollin claimed that he was sentenced in 2004 to register as a sex offender for ten years but had "been on the K[entuck]y sex offender registry for over 15 y[ea]rs now" in "violation of [his] constitutional rights." (*Id.*) Rollin maintained that he was "on the K[entucky] sex offender registry illegally and ha[d] been for the past 5 1/2 y[ea]rs now," which amounted to "defamation of character" and caused him to be "terminated from several jobs in the past 5 y[ea]rs because of th[e] registry." (*Id.*, PageID.5). He also asserted that he was "incarcerated and convicted for failure to comply [with the] sex offender registry in 2015 when in fact [his] registry should have ended in 2014." (*Id.*) He thus claimed that the Commissioner was "clearly violating [his] civil rights" and demanded injunctive relief in the form of "termination from [the] sex offender registry." (*Id.*, PageID.6).

Both parties previously filed motions for summary judgment (DNs 17 and 21). The Court denied both motions pursuant to Fed. R. Civ. P. 56(e)(1) with leave to refile them (DN 37). The Court "[a]ssum[ed] without deciding that the defendant was correct in arguing that whether Rollin committed a 'criminal offense against a person who is a minor,' Ky. Rev. Stat. § 17.500(3)(a), depends on the specific facts underlying his 2015 conviction rather than the elements of his crime of conviction[.]" (*Id.*, PageID.165). The Court then found that the question of whether either party is entitled to summary judgment hinges largely on a single disputed fact—"If Rollin distributed obscene matter to an eleven-year-old girl like the defendant claims, the 'criminal offense against a person who is a minor' standard would appear to be met, but if Rollin instead targeted an adult woman as he claims, then his 2015 conviction cannot qualify as such a crime." (*Id.*)

In ruling on Rollin's motion, the Court found that he failed to attach a single exhibit to his motion or to his responses to the Commissioner's motion and failed to support any of his factual assertions with citations to the exhibits filed by the Commissioner. (*Id.*, PageID.166). Thus, the Court denied Rollin's motion but allowed him the opportunity to refile his motion and, in doing so, instructed him that he would be expected to "properly support" his "assertion[s] of fact"—including his claim that his 2015 conviction did not involve a minor—with citations to the current record and other probative materials like the judgment or guilty plea documents from his 2015 conviction. (*Id.*, PageID.167 (citing Fed. R. Civ. P. 56(c), (e)).

The Court also found that the Commissioner failed to carry its burden of demonstrating the absence of a material fact as to whether Rollin's 2015 conviction involved a victim who was a minor. (*Id.*) The Court found that the Commissioner could not rely on statements pulled from "Presentence/Postsentence Investigation Report" or Rollin's indictment as evidence that the

3

victim was a minor. (*Id.*, PageID.167-68). The Court also found that the Commissioner failed to explain why Rollin was convicted of distribution of obscene matter, Ky. Rev. Stat. § 531.020, rather than distribution of obscene matter to a minor under Ky. Rev. Stat. § 531.030, a separate offense that requires proving that a defendant "knowingly" sent, exhibited, or distributed "'obscene material to a minor.'" (*Id.*, PageID.168 (quoting Ky. Rev. Stat. § 531.030)). For these reasons, the Court also denied the Commissioner's motion with leave to refile it with "firmer evidentiary support for its assertions concerning the factual basis for Rollin's 2015 conviction." (*Id.* (citing Fed. R. Civ. P. 56(e)(1)).

**B.**

Both parties have now refiled their motions for summary judgment. In Rollin's motion, he acknowledges that the Court "has ruled that this case can be reduced to one central dispute." (DN 38, PageID.170). He maintains that that the Larue Circuit Court conviction was for distribution of obscene matter under Ky. Rev. Stat. § 531.020 and not distribution of obscene matter to a minor under Ky. Rev. Stat. § 531.030. (*Id.*) He attaches his judgment from the Larue Circuit Court "to prove my conviction doesn't involve a minor." (DN 38-1, PageID.177-78). He asserts, "According to the judgment I was sentenced to 12 months in jail, nowhere does it say I must register for 20 y[ear]s, and according to K.R.S. 17.520(6), 'the Court shall designate the registration period as mandated in this section in its judgment.'" (DN 38, PageID.170-71).

Rollin further argues that, although he was indicted for a felony offense of prohibited use of electronic means to procure a minor in violation of Ky. Rev. Stat. § 510.155, "once it was determined that I was in fact messaging a 30 y[ea]r old woman, the charge was amended to indecent exposure, a Class B misdemeanor." (*Id.*, PageID.171). He adds, "Plaintiff was messaging with a 30 y[ea]r old married woman over Facebook, the woman was using her

4

daughter's Facebook to send and receive messages with Plaintiff." (*Id.*) He attaches his plea agreement "to prove this." (DN 38-1, PageID.175-76). He also attaches an administrative review form which he submitted while he was incarcerated at the Western Kentucky Correctional Complex. (*Id.*) He states, "I was confused and wanted to know why it says I have to register for 20 y[ea]rs and not the 10 y[ea]rs I was sentenced to in 2004 [in] Logan Circuit Court." (*Id.*) He continues, "The records [department's] answer was for me to contact Logan County. They did not even mention a conviction in Laure County Circuit Court. This is a response from an actual [KDOC] employee." (*Id.*)

The Commissioner did not file a response to Rollin's motion but refiled its motion for summary judgment arguing that Rollin's registry requirement is proper. The Commissioner maintains that Ky. Rev. Stat. § 17.510-.520 require a criminal defendant to register as a sex offender if he or she meets the definition of a "registrant." (DN 39-1, PageID.185). It points to Ky. Rev. Stat. § 17.500, which defines a "registrant" as:

> Any person eighteen (18) years of age or older at the time of the offense or any youthful offender, as defined in KRS 600.020, who has committed:
> 1. A sex crime; or
> 2. *A criminal offense against a victim who is a minor*; or
> (b) Any person required to register under KRS 17.510; or
> (c) Any sexually violent predator; or
> (d) Any person whose sexual offense has been diverted pursuant to KRS 533.250, until the diversionary period is successfully completed.

(*Id.* (quoting Ky. Rev. Stat. § 17.500(5) (emphasis added by the Commissioner)). The Commissioner asserts that a "criminal offense against a victim who is a minor" is defined as:

> any of the following offenses if the victim is under the age of eighteen (18) at the time of the commission of the offense:
> 1. Kidnapping, as set forth in KRS 509.040, except by a parent;
> 2. Unlawful imprisonment, as set forth in KRS 509.020, except by a parent;
> 3. Sex crime;
> 4. Promoting a sexual performance of a minor, as set forth in KRS 531.320;

5

> 5. Human trafficking involving commercial sexual activity, as set forth in KRS 529.100;
> 6. Promoting prostitution, as set forth in KRS 529.040, when the defendant advances or profits from the prostitution of a person under the age of eighteen (18);
> 7. Use of a minor in a sexual performance, as set forth in KRS 531.310;
> 8. Sexual abuse, as set forth in KRS 510.120 and 510.130;
> 9. Unlawful transaction with a minor in the first degree, as set forth in KRS 530.064(1)(a);
> 10. *Any offense involving a minor or depictions of a minor, as set forth in KRS Chapter 531;*
> 11. Any attempt to commit any of the offenses described in subparagraphs 1. to 10. of this paragraph; and
> 12. Solicitation to commit any of the offenses described in subparagraphs 1. to 10. of this paragraph.

(*Id.*, PageID.186 (quoting Ky. Rev. Stat. § 17.500(3)(a)[1] (emphasis added))).

The Commissioner argues that Rollin's conviction for distribution of obscene matter "occurred when [he] sent obscene messages and obscene photographs of his genitalia to someone he believed to be an 11-year-old female." (*Id.*) In support, the Commissioner attaches two exhibits.[2] Exhibit D is a seven-page report titled KYIBRS[3] Report dated October 31, 2014, prepared by Kentucky State Police Officer C. Rafferty detailing the circumstances of Rollin's arrest. (DN 39-5, PageID.198-204). Exhibit E contains four photographs of a cell phone which are described in the KYIBRS Report as photos taken by a Kentucky State Police officer of the messages sent by Rollin. (DN 39-6, Page ID.205-06). The Commissioner maintains that Rollin committed an offense in violation of Ky. Rev. Stat. Chapter 531, that his offense involved a minor, and that consequently he was guilty of committing a criminal offense against a minor. (DN 39-1, PageID.5).

---

[1] The Commissioner apparently quotes the version of the statute which was in effect at the time of Rollin's release in February 2017. The statute has since been amended to add to the enumerated list a requirement to register if the offense is one for "Promoting human trafficking involving commercial sexual activity, as set forth in [Ky. Rev. Stat. §] 529.110." *See* Ky. Rev. Stat. § 17.500(6), effective June 29, 2017. However, this and subsequent amendments to the statute are not material to the instant motions.
[2] By separate Order, the Court ordered that these exhibits be filed under seal.
[3] KYIBRS stands for Kentucky Incident Based Reporting System. *See Coursey v. Commonwealth*, 593 S.W.3d 64, 65-66 (Ky. App. 2019).

The Commissioner maintains that while it does not appear that Kentucky has addressed the issue of whether an offense qualifies as a "criminal offense against a victim who is a minor" under Ky. Rev. Stat. § 17.500 when the victim was an adult posing as a minor, other courts have interpreted similar statutes and determined that registration is required. (DN 39-1, PageID.186). The Commissioner points to cases from the Sixth Circuit, Eleventh Circuit, and three states supporting registration in the context of adults posing as minors. (*Id.*, PageID.186-89). The Commissioner argues, "The rationale applied by those jurisdictions applies with equal force in this case. The Court must look beyond the Plaintiff's specific conviction (Distribution of Obscene Matter as opposed to Distribution of Obscene Matter to Minors) to the underlying facts of his offense." (*Id.*, PageID.189). The Commissioner maintains that "[t]he fact that the Plaintiff sent photos of his genitalia to someone he thought was an 11-year-old girl must be an offense involving a minor as set forth in [Ky. Rev. Stat.] Chapter 531." (*Id.*) It continues, "Otherwise the Plaintiff will be allowed to benefit for no other reason than the fortuitous fact that his intended victim turned out to be the father of the 11-year-old girl that he was attempting to solicit." (*Id.*) The Commissioner argues that Ky. Rev. Stat. § 17.520 mandates that anyone found guilty of a criminal offense against a victim who is a minor must register as a sex offender for a period of 20 years. It maintains, "There is no genuine issue of material fact in this matter. The Plaintiff committed an offense for which the law mandates a 20 year registration period." (*Id.*)

With regard to Rollin's claim that he cannot be required to register as a sex offender for twenty years because the Larue Circuit Court did not "designate" such a registration period in its 2015 judgment, the Commissioner argues that Rollin nonetheless "was clearly notified by prison officials and probation and parole officers of his duty to register, and he complied on multiple

7

occasions by signing forms acknowledging that he understood the requirements that apply to sex offenders." (*Id.*, PageID.190). "Therefore," the Commissioner maintains, "the purpose behind" the statutory requirement that a "court shall designate the registration period . . . in its judgment" in Ky. Rev. Stat. § 17.520(b) has "been met" in Rollin's case. (*Id.*)

Rollin did not file a response to the Commissioner's motion.

## II.

Before the Court may grant a motion for summary judgment, it must find that there is "no genuine dispute as to any material fact" and that the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

Assuming the moving party satisfies its burden of production, the nonmovant "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Celotex*, 477 U.S. at 324). The non-moving party's evidence is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the party opposing summary judgment. *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The fact that a plaintiff is *pro se* does not lessen his or her obligations under Rule 56. "The liberal treatment of pro se pleadings does not require the lenient treatment of substantive

8

law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 U.S. App. LEXIS 27051, at *6-7 (6th Cir. May 5, 2010) (citations omitted). The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a pro se litigant does not alter" its burden of showing a genuine issue for trial. *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010). Yet statements in a verified complaint that are based on personal knowledge may function as the equivalent of affidavit statements for purposes of summary judgment. *Weberg v. Franks*, 229 F.3d 514, 526 n.13 (6th Cir. 2000); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992).

### III.

As the Court found in its prior Memorandum Opinion and Order denying the first cross-motions for summary judgment, the question of whether summary judgment is warranted for either party can be reduced to one central dispute (DN 37, PageID.163). The Commissioner argues that Rollin's 2015 conviction for distribution of obscene matter qualified as a "criminal offense against a victim who is a minor," as that term is defined Ky. Rev. Stat. § 17.500, which in turn means that Rollin is statutorily required to register as a sex offender for twenty years. (DN 39-1, PageID.189). Rollin maintains that his 2015 offense involved an adult woman rather than a minor and that his conviction therefore did not trigger Kentucky's mandatory sex offender registration requirement. (DN 38, PageID.37-38).

Kentucky law provides that "any person who has been convicted in a court of any state or territory . . . of a sex crime or criminal offense against a victim *who is a minor*" is required to register as a sex offender for at least "twenty (20) years following discharge from confinement." Ky. Rev. Stat. §§ 17.510(6)(a); 17.520(3) (emphasis added). A "criminal offense against a

victim who is a minor" is defined in turn as "any of" several enumerated offenses "if the victim is under the age of eighteen (18) at the time of the commission of the offense." Ky. Rev. Stat. § 17.500(3)(a). Included among those enumerated offenses is the following: "Any offense involving a minor or depictions of a minor, as set forth in KRS Chapter 531." Ky. Rev. Stat. § 17.500(3)(a)(11).

There is no dispute that Rollin was convicted of distribution of obscene matter in violation of Ky. Rev. Stat. § 531.020. Rollin asserts that the fact that he was not convicted of the separate offense of distribution of obscene matter to minors under Ky. Rev. Stat. § 531.030 obviates his requirement to register as a sex offender under Ky. Rev. Stat. § 17.500(3)(a)(11). However, upon examination of § 17.500(3)(a), which sets forth the definition of a "criminal offense against a victim who is a minor[,]" the enumerated list includes "11. Any offense involving a minor or depictions of a minor, as set forth in KRS Chapter 531." The use of "[a]ny" indicates that the intent of the statute was not to eliminate certain violations of Chapter 531 but to include any offense under that chapter. The Kentucky Court of Appeals addressed this provision in *Hamilton-Smith v. Commonwealth*, 285 S.W.3d 307 (Ky. App. 2009). There, the defendant was convicted of possession of matter portraying a sexual performance by a minor. *Id.* at 307. He challenged his requirement to register as a sex offender for 20 years on grounds that he did not qualify as a "sex offender" or a "registrant" under Ky. Rev. Stat. § 17.500. *Id.* at 308. The Kentucky Court of Appeals found that, "Any person who has been convicted of 'a criminal offense against a victim who is a minor' is required to register [quoting Ky. Rev. Stat. § 17.510(6)]. A criminal offense against a victim who is a minor includes '*any* offense involving a minor or depictions of a minor, as set forth in KRS Chapter 531.'" *Id.* at 309 (quoting Ky. Rev. Stat. § 17.500(3)(a)(1[1]) (emphasis in *Hamilton-Smith*). "Furthermore, the statutory definition

10

of a registrant includes one who has committed 'a criminal offense against a victim who is a minor.'" *Id.* (quoting. § 17.500(3)(a)). "The statutes are unambiguous that someone who has committed a criminal offense against a victim who is a minor, including those offenses in KRS Chapter 531, is required to register." *Id.*

There is no dispute that Rollin was convicted of an offense in violation of Ky. Rev. Stat. Chapter 531. Rollin maintains that once it was determined that he was in fact communicating with an adult and not an 11 year-old girl, his charge of prohibited use of electronic means to procure a minor for sexual offenses was amended to indecent exposure, and he attaches his plea agreement which he states is "to prove this." (DN 38-1, PageID.175-76). However, the plea agreement does not reflect *why* a prosecutor may have amended the charge, and Rollin provides no other evidence to support this unsworn assertion in his motion for summary judgment. Nevertheless, the motivation behind why a prosecutor may have amended the charge is not material to whether Rollin did in fact commit a "criminal offense against a person who is a minor." Ky. Rev. Stat. § 17.500(5)(a)(2). The Court finds that Rollin's argument that he was not convicted of the offense of distribution of obscene matter *to a minor* under Ky. Rev. Stat. § 531.030 is not dispositive of his registration requirement. Guided by the decision in *Hamilton-Smith* and its emphasis on the word "any" in the provision "[a]ny offense involving a minor or depictions of a minor, as set forth in KRS Chapter 531[,]" Ky. Rev. Stat. 17.500(3)(a)(11), the Court is persuaded that it must determine if Rollin did in fact commit an offense involving a minor to determine if summary judgment in favor of either party is warranted.

As evidence that Plaintiff did in fact believe that he was communicating with a minor, the Commissioner now attaches the KYIBRS Report prepared by the Kentucky State Police. The Court finds that the KYIBRS Report can be cited as evidence of the facts surrounding Rollin's

arrest. *See, e.g.*, *Ricchuite v. Johnson*, No. 1:14-CV-104-GNS, 2017 U.S. Dist. LEXIS 33574, at *2-3, *8-9, *26 (W.D. Ky. Mar. 8, 2016); *United States v. Chapman,* No. 1:15-CR-00015-GNS, 2016 U.S. Dist. LEXIS 49552, at *1-3 (W.D. Ky. Apr. 13, 2016), *Scott v. Kelley*, No. 2010-77(WOB-CJS), 2012 U.S. Dist. LEXIS 18170, at *4-5 (E.D. Ky. Feb. 14, 2012); *Coursey v. Commonwealth*, 593 S.W.3d at 65-66. Moreover, Rollin did not file a response to the Commissioner's motion for summary judgment and therefore does not dispute the facts surrounding the circumstances of his arrest as stated in the KYIBRS Report.[4] While Rollin states in his unsworn motion for summary judgment that he was communicating with a "30 y[ea]r old married woman" who "was using her daughter's Facebook to send and receive messages with [him]" (DN 38, PageID.171)[5] and the KYIBRS Report states that he was communicating with the father of a minor child (DN 39-6, PageID.202), the Court finds that whether the adult was a minor's mother or father is not material to deciding the instant motions.

The KYIBRS Report contains the following narrative:

> [The officer] met with Woodrow Barber Jr. at KSP Post 4 in Elizabethtown, KY. Barber advised he was checking his daughter's facebook account and discovered a private message from Deborah Rollin's facebook. Barber advised that he opened the message and discovered it was a message from Deborah's son, Tim Rollin. The message asked Barber's daughter [B.B.] if she wanted to see his 8" penis. Barber advised he sent a response to Rollin posing as his daughter. He advised his response was, "I am only 11 years old." Barber advised Rollin responded by saying he was sorry and that he intended to send the message to a different [child of the same first name] who was 12 years old. Barber advised he continued to have a conversation with Rollin posing as his daughter [B.B]. He advised the conversation continued until Rollin asked if he could send a picture of

---

[4] As the Court stated in its prior Memorandum Opinion and Order denying the motions for summary judgment (DN 37, PageID.163, 167), the Sixth Circuit has endorsed an approach adopted by a majority of courts of appeal that a prisoner *pro se* litigant is "entitled to notice of the consequences of a summary judgment motion and the requirements of the summary judgment rule." *United States v. Ninety-Three Firearms*, 330 F.3d 414, 427 (6th Cir. 2003); *see also Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982) (adopting a "general rule" that a prisoner *pro se* plaintiff is "entitled to receive notice of the consequences of failing to respond with affidavits to a motion for summary judgment"). The Court fulfilled this notice requirement in its prior Memorandum Opinion and Order in explaining the requirements for summary judgment. (DN 37, PageID.166-67 (citing Fed. R Civ. P. 56(c), (e)).
[5] Plaintiff also asserted in his prior motion for summary judgment that he was communicating with a 30-year old married woman (DN 26, PageID.120). That motion was also unsworn.

> his penis so she could tell him if it was big or not. Barber advised he sent five pictures of his penis to [B.B's] facebook. Rollin eventually asked [B.B.] if she could sneak away from her parents and meet him somewhere. Rollin advised she didn't have to have to sexual intercourse with him, but she could give him a hand job and lick his penis until he cums.
>
> Barber showed me the messages between Rollin and himself. I took photographs of the messages on Barber's cellular phone and the pictures Rollin sent of his penis.

(*Id.*, PageID.202-03). The KYIBRS Report describes the Kentucky State Police officers' contact with Rollin at his residence and Rollin's arrest. (DN 39-5, PageID.203). It states that Rollin denied having a cell phone but that later his wife "admitted that he did have I-Phone 5c" and "described it as being white with a navy blue case." (*Id.*) The Report reflects that while in Rollin's residence an officer dialed the telephone number from which the messages were sent and that the officers "could hear the phone ring and located it under the mattress of his daughter's bed. Under the mattress was an I-phone 5c in a Navy Blue and Gray otter box." (*Id.*)

In addition to the KYIBRS Report, the Commissioner also attaches four photographs taken of a cell phone which are referenced in the KYIBRS Report. (DN 39-6, Page ID.205-06). The first photograph contains the following exchange:

> Sender 1: Yo this is tim my bad..I keep getting u confused with this other [child of the same first name]
> Sender 2: That's Ok I erased the other messages that you sent

(*Id.*, PageID.205). The second photograph contains the following exchange:

> Sender 1: Good..Thanx..Lol..I almost sent pics too. My bad
> Sender 1: Ur too young to see somethin like that lol
> Sender 2: Yea I am

(*Id.*) The third photograph contains the following exchange:

> Sender 1: I'll b more careful from now on. I'll make sure that doesn't happen but if I did fuck up and send a pic just tell me and please erase it.
> Sender 2: Ok I will
> Sender 1: How old r now

13

(*Id.*, PageID.206). The fourth photograph contains the following exchange:

> Sender 2: 11
> Sender 1: 01/02:Cool. This other [child of the same first name] is only 12 lol..I know..It's bad.. But she keeps asking me to send pics. And she has blonde hair and shit like u that's y I"

(*Id.*) Plaintiff did not file a response to the Commissioner's motion for summary judgment and did not dispute the veracity of the messages or the fact that he sent them.

The KYIBRS Report and the photographs of the messages, which are undisputed by Plaintiff, reveal that Rollin believed that he was messaging, at first, a twelve year-old child and then an eleven year-old child and that the messages included obscene material, *i.e.,* photographs of Rollin's genitalia. The question is then does Rollin's communication with an adult who was posing as a minor qualify as "[a]ny offense involving a minor or depictions of a minor, as set forth in KRS Chapter 531" under Ky. Rev. Stat. § 17.500(11).

While Kentucky courts have apparently not addressed the issue, the Sixth Circuit has addressed a similar statutory provision. In *United States v. Fortner*, 943 F.3d 1007 (6th Cir. 2019), the defendant communicated with two undercover officers posing as parents about engaging in sexual activity with children and sending them links to child pornography. *Id.* at 1008-09. He was charged with attempting to coerce a minor into illegal sexual activity and with violating 18 U.S.C. § 2260A,[6] which adds ten years to a defendant's sentence if he is required to register as a sex offender and commits certain "felony offense[s] involving a minor." *Id.* at

---

[6] The statute provides as follows:

> Whoever, being required by Federal or other law to register as a sex offender, commits a felony *offense involving a minor* under section 1201, 1466A, 1470, 1591, 2241, 2242, 2243, 2244, 2245, 2251, 2251A, 2260, 2421, 2422, 2423, or 2425 . . . shall be sentenced to a term of imprisonment of 10 years in addition to the imprisonment imposed for the offense under that provision. The sentence imposed under this section shall be consecutive to any sentence imposed for the offense under that provision.

18 U.S.C. § 2260A (emphasis added).

14

1008. The defendant moved to dismiss the second charge because, he argued, "he did not commit an offense involving a minor because the children he sought to coerce were not real children." The trial court disagreed. *Id.* at 1009. The Sixth Circuit framed the issue as such— "This appeal presents a straightforward question: Does a sex offender commit an 'offense involving a minor' if, in the course of a sting operation, he attempts to commit a sex crime with a pretend child? We think he does." *Id.* As part of its analysis, the Sixth Circuit found:

> The statute, it is true, also has a limiting qualification—that the underlying crime must "involv[e] a minor." But the import of that phrase is to ensure that the enhancement covers convictions involving minors, sifting convictions that always involve minors, *see, e.g.*, 18 U.S.C. § 2251 (sexual exploitation of children), from convictions that may or may not involve minors, *see, e.g.*, 18 U.S.C. § 2421 (sex trafficking); 18 U.S.C. § 1201 (kidnapping). The phrase did not purport to eliminate all attempt crimes, as the reach-extending term "involve" suggests.

*Id.* at 1009. Thus, the court held that "[a] conviction arising from an attempt to have sex with a minor 'involves' a minor no matter whether it arose from a sting operation (as here) or it related to a real child. *Id.*

The Sixth Circuit also observed that "Fortner questions how a conviction can involve a non-existent child and still be a crime 'involving a minor.'" *Id.* at 1011. In response, the court found as follows:

> But context is everything in interpretation. As a matter of general statutory context, the statute incorporates many "attempt" crimes in the sixteen enumerated offenses, which means real victims of any sort frequently are not needed. *See, e.g.*, 18 U.S.C. §§ 2251(e), 2423(e). As a matter of specific statutory context, laws designed to root out child predation frequently cover attempt crimes against non-existing children precisely to avoid completed crimes against existing children. *See, e.g.*, *[United States v.] Slaughter*, 708 F.3d [1208,] 1216 [(11th Cir. 2013)]; *United States v. Cunningham*, 191 F. App'x 670, 671-72 (10th Cir. 2006); *United States v. Rhodes*, 253 F.3d 800, 802-03 (5th Cir. 2001). Once one comes to grips with the possibility for—the need for—attempt crimes in this area, there is nothing linguistically unusual about calling an unsuccessful attempt to abuse a minor a crime that involves a minor.

*Id.* at 1011.

Upon consideration, the Court finds that it is bound by the Sixth Circuit's reasoning and concludes that it is applicable to the statute at issue, Ky. Rev. Stat. § 17.500(3)(a). The statute contains similar language to 18 U.S.C. §2260A—it contains the same "reach-extending" term "offense involving a minor[,]" Ky. Rev. Stat. § 17.500(3)(a)(11). Moreover, in addition to the eleven enumerated offenses, the statute includes "[a]ny attempt to commit any of the offenses described in subparagraphs 1. to 11. of this paragraph." Ky. Rev. Stat. § 17.500(3)(a)(12). Although Rollin may have in fact been communicating with an adult who was posing as a minor child, Rollin believed that he was distributing obscene materials to an eleven year-old girl, including sending photos of his genitalia to a minor child. The Court finds that this conduct meets the statutory definition of "[a]ny offense involving a minor or depictions of a minor, as set forth in KRS Chapter 531[.]" § 17.500(3)(a)(11).

The Court is also persuaded by the logic of other state courts in addressing similar statutory language. In *State v. Charette*, 189 A.3d 67 (Vt. 2018), the Vermont statute at issue required sex offender registration "when a person is convicted of an offense 'against a victim who is a minor.'" *Id.* at 68. The defendant argued that this language required an actual minor victim and "that an adult investigator posing as a minor does not satisfy this requirement." *Id.* The Vermont Supreme Court rejected that argument on grounds that the statute "includes attempts as among the crimes triggering that subdivision's application." *Id.* at 69. The court found, "Although attempts may be directed at identifiable victims, they do not necessarily involve actual, identified victims. Nothing in the language of this subdivision limits the attempts that trigger the registration requirement to those that involve an identified and actual victim." *Id.* Additionally, the Vermont court found:

> Defendant's interpretation would lead to an odd situation in which offenders who engage online with people they believe to be minors and are convicted of

> attempted crimes stemming from that engagement may be required to register if the people they communicated with were real, but not if they were fictitious, even though both sets of offenders engaged in precisely the same conduct and posed exactly the same risk to the community.

*Id.* at 70; *see also Spivey v. State*, 619 S.E.2d 346, 352 (Ga. Ct. App. 2005) (also finding that the statutory language "criminal offense against a victim who is a minor" does not require an actual minor victim and holding that "[t[he fact that a child was not actually involved did not negate the registration requirement").

In addition, in *Colbert v. Commonwealth*, 624 S.E.2d 108 (Va. App. 2006), the Virginia Court of Appeals addressed a statute which required sex offender registry "[w]here the victim is a minor[.]" *Id.* at 111. The defendant was required to register as a sex offender after he was engaged in "computer solicitations for sex [which] were directed to an undercover police officer posing as a minor, rather than an actual minor." *Id.* at 110. The defendant argued that "there had to be an actual minor victim in order for the registration requirement to have applied to him upon his conviction." *Id.* at 112. The court considered the sex offender registration statute's "manifest remedial purpose of protecting children from sex offenders[,]" *id.* at 113, and concluded that the defendant's act of computer solicitation for sex with a minor "falls expressly within the evil contemplated" by the law. *Id.* The Virginia Court of Appeals concluded that the defendant's interpretation of the statute would lead to an "absurd result" which would exclude a defendant from the registration requirement "based solely upon a fortuity beyond his control — that the one receiving his sexual solicitations was actually an adult, despite his intent to target a child" because "he is indistinguishable from one committing the same offense whose sexual solicitations were actually received by a minor." *Id.* at 114.

The Court is persuaded by the logic of these cases. Rollin believed that he was communicating with, at first, a twelve year-old child and then an elven year-old child. In one of

17

his messages, of which Rollin does not dispute the veracity, he asks, "How old r u now[.]" When he receives the response "11[,]" Rollin replies, "Cool. This other [child of the same first name] is only 12 lol..I know..It's bad.. But she keeps asking me to send pics. And she has blonde hair and shit like u . . . ." There is no dispute that Rollin attempted to communicate and thought he was communicating with a minor and sent that individual obscene material. The fact that the person who actually received the messages was an adult posing as a minor does not negate this. To relieve Rollin of his obligation to register as a sex offender based on this fortuitous fact for Rollin would not fulfill the purposes of the sex offender registry laws, which is to prevent this nature of conduct.

For the foregoing reasons, the Court finds that the Commissioner has met its burden "of demonstrating the absence of a genuine issue as to a material fact" as to whether Rollin's 2015 conviction qualifies as "[a]ny offense involving a minor or depictions of a minor, as set forth in KRS Chapter 531" under Ky. Rev. Stat. § 17.500(11) and that the Commissioner is, therefore, "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Finally, the Court turns to Rollin's argument that, "[a]ccording to the judgment I was sentenced to 12 months in jail, nowhere does it say I must register for 20 y[ear]s, and according to K.R.S. 17.520(6), 'the Court shall designate the registration period as mandated in this section in its judgment.'" (DN 38, PageID.170-71). The Kentucky Court of Appeals addressed a similar argument in *Hill v. Commonwealth*, No. 2015-CA-001384-MR, 2016 Ky. App. Unpub. LEXIS 573 (Ky. App. Aug. 19, 2016). In that case, an inmate filed a petition for injunctive relief requesting a restraining order against the KDOC "requiring the Department to refrain from classifying him as a violent offender or a sexual offender and from imposing the statutory requirements of post-incarceration supervision because the sentencing court did not mention

these statutory requirements in its judgment of conviction." *Id.* at *1-2. The court stated, "Hill maintains that he was not sentenced by the trial court to register as a sexual offender, and therefore, does not have to comply. He is mistaken." *Id.* at *5. The court found, "The trial court does not sentence any one to register as a sex offender. Rather, the registration is prescribed by the statute and is ancillary to the listed crimes requiring registration as a sex offender." *Id.* The Kentucky Court of Appeals continued, "The requirements apply by operation of law and the judiciary has no authority or discretion to waive them." *Id.* (citing *Benet v. Commonwealth*, 253 S.W.3d 528 (Ky. 2008) ("[A] defendant automatically becomes a violent offender at the time of his or her conviction of an offense specifically enumerated in KRS 439.3401(1)(a) regardless of whether the final judgment of conviction contains any such designation.")). Based on the court's reasoning in *Hill*, this Court finds the fact that Rollin's Larue Circuit Court judgment did not designate the registration requirement does not negate his statutory requirement to register as a sex offender and that he is not entitled to summary judgment on this issue.

## IV.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Defendant's motion for summary judgment (DN 39) is **GRANTED**. The Court will enter a separate Judgment dismissing the action.

(2) The Court having determined that Defendant is entitled to summary judgment, Plaintiff's motion for summary judgment (DN 38) is **DENIED**.

Date: June 7, 2022

cc: Plaintiff, *pro se*
      Counsel of record
4415.010

**David J. Hale, Judge**
**United States District Court**